IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO MIRANDA CHAVEZ,

    Petitioner,                    No. CIV S-09-1876 FCD DAD P

    vs.

JAMES A. YATES, Warden,

    Respondent.             ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has also filed a motion for a stay and abeyance.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

        On June 30, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Northern District of California. Petitioner also filed a motion for a stay and abeyance. On July 8, 2009, the Northern District transferred the case to this court where venue is proper.

1

In his petition, petitioner challenges his 2002 judgment of conviction entered in the Tehama County Superior Court. His sole claim for relief is that the trial court committed prejudicial error by refusing to instruct on the lesser included offense of simple assault. (Pet. at 5 & Attach.)

In his motion for a stay and abeyance, petitioner seeks leave from the court to return to the California Supreme Court to exhaust his newly-discovered claims. Specifically, petitioner seeks to exhaust the following claims: (1) ineffective assistance of counsel for failure to object to the admissibility of petitioner's statements made to police before he received his Miranda warnings; (2) ineffective assistance of counsel for failing to secure expert testimony; (3) ineffective assistance of counsel for failure to object when the prosecution made inflammatory remarks and showed members of the jury pictures of the victim; (4) ineffective assistance of counsel during sentencing; (5) his sentence of 25 years to life constitutes cruel and unusual punishment; and (6) ineffective assistance of appellate counsel for failing to raise the foregoing issues on direct appeal. (Mot. for Stay & Abey. at 3.)

Petitioner contends that he only recently learned of these claims. According to petitioner, he and his legal assistant have had difficulty conducting legal research because of inadequate access to the law library. Petitioner notes that the library has inconsistent hours as well as a shortage of library staff. In addition, the library has been converting legal materials from books to computers, requiring prisoners to familiarize themselves with the new procedures and tools. Finally, petitioner states that the prison where he is incarcerated has experienced lockdowns and other "whims" that have limited access to the library and the ability to research claims. (Mot. for Stay & Abey. at 2.)

**DISCUSSION**

The United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth

Circuit explained "the Kelly procedure," which it outlined it in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and

1  "district courts should place reasonable time limits on a petitioner's trip to state court and back."
2  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a
3  stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the
4  unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be
5  stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state
6  court to exhaust additional claims.  Id. at 277-78.

7         In this case, petitioner cannot present any new claims to this court until those
8  claims have been fairly presented to the California Supreme Court.  It does not appear that the
9  pro se petitioner seeks to stay these proceedings for an improper purpose.  Nor does it appear that
10 petitioner has engaged in abusive litigation tactics or intentional delay.  Moreover, if petitioner
11 obtains relief in state court, his federal petition may be rendered moot, thereby serving the
12 interests of judicial economy as well as the interests of justice.  Accordingly, good cause
13 appearing, petitioner's motion for a stay and abeyance should be granted.

14        Before the court will issue its findings and recommendations to this effect,
15 however, the court observes that the original petition in this case is fully exhausted.  The court
16 can recommend staying petitioner's fully exhausted petition under the Kelly procedure.
17 However, petitioner has established good cause for a stay under Rhines.  As discussed above,
18 under the Rhines procedure, the court has the discretion to stay a "mixed petition."  Petitioner
19 can potentially avoid a timeliness issue with respect to his federal petition if he files an amended
20 petition containing all of his exhausted and unexhausted claims before the court issues a stay of
21 this action.  See King, 564 F.3d at 1140.  If petitioner fails to amend his petition before the court
22 issues a stay in this action, petitioner runs an increased risk that his unexhausted claims will not
23 "relate back" and will be time-barred when he returns from state court.  See Mayle v. Felix, 545
24 U.S. 644 (2005) (petitioner may amend his petition after the expiration of the statute of
25 limitations period if the new claims share a "common core of operative facts" with the claims in
26 /////

the pending petition); King, 564 F.3d at 1141 ("the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim").

Under the circumstances of this case, the court will direct petitioner to inform the court on how he wishes to proceed. Petitioner will be directed to either (a) file a declaration indicating he wishes to proceed under the Kelly procedure or (b) file a declaration indicating he wishes to proceed under the Rhines procedure, together with an amended petition that contains all of his exhausted and unexhausted claims. Upon receipt and review of petitioner's filing, the court will issue findings and recommendations, recommending petitioner's motion for a stay and abeyance be granted.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for appointment of counsel. Petitioner is advised that there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 30, 2009 motion to proceed in forma pauperis (Doc. No. 4) is granted;

2. Petitioner's June 30, 2009 motion for appointment of counsel (Doc. No. 3) is denied;

3. Within thirty days of the date of service of this order, petitioner shall either:

  (a) file a declaration indicating he wishes to proceed under the Kelly procedure, or

1         (b) file a declaration indicating he wishes to proceed under the <u>Rhines</u>
2 procedure, together with an amended petition that contains all of his exhausted and unexhausted
3 claims;[1] and
4     4. The Clerk of the Court is directed to send petitioner the court's form for filing
5 a petition for writ of habeas corpus.
6 DATED: August 24, 2009.

                                      /s/ Dale A. Drozd
                                      DALE A. DROZD
DAD:9                            UNITED STATES MAGISTRATE JUDGE
chav1876.sty

---

[1] If petitioner elects option (b) and files an amended petition, he is advised that any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition."

6