IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO MIRANDA CHAVEZ,

    Petitioner,                      No. CIV S-09-1876 FCD DAD P

    vs.

JAMES A. YATES, Warden,         ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's amended petition.

**BACKGROUND**

        On June 30, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Northern District of California. Petitioner also filed a motion for a stay and abeyance. On July 8, 2009, the Northern District transferred the case to this court where venue is proper.

        Petitioner challenges his 2002 judgment of conviction entered in the Tehama County Superior Court. In his original petition, his sole claim for relief was that the trial court committed prejudicial error by refusing to instruct on the lesser included offense of simple assault. (Pet. at 5 & Attach.) In his motion for a stay and abeyance, petitioner sought leave from

1

the court to return to the California Supreme Court to exhaust his newly-discovered claims. Specifically, petitioner sought to exhaust the following claims: (1) ineffective assistance of counsel for failure to object to the admissibility of petitioner's statements made to police before he received his Miranda warnings; (2) ineffective assistance of counsel for failing to secure expert testimony; (3) ineffective assistance of counsel for failure to object when the prosecution made inflammatory remarks and showed members of the jury pictures of the victim; (4) ineffective assistance of counsel during sentencing; (5) his sentence of 25 years to life constitutes cruel and unusual punishment; and (6) ineffective assistance of appellate counsel for failing to raise the foregoing issues on direct appeal. (Pet'r's Mot. for Stay & Abey. at 3.)

On August 25, 2009, the court determined that petitioner had shown good cause for failing to exhaust the aforementioned claims and concluded that his motion for a stay and abeyance should be granted. However, the court observed that petitioner's original petition was fully exhausted. The court explained to petitioner that it could recommend staying his fully exhausted petition under the three-step procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). However, the court also explained that petitioner had established good cause for a stay under Rhines v. Weber, 544 U.S. 269 (2005), and that under the Rhines procedure, petitioner could potentially avoid a timeliness issue with respect to his federal petition if he filed an amended petition containing all of his exhausted and unexhausted claims before the court issued a stay of this action. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). The court directed petitioner to inform the court on how he wished to proceed within thirty days.

**DISCUSSION**

In response to the court's order, petitioner has filed an amended petition containing all of his exhausted and unexhausted claims.[1] As the court previously explained in its

---

[1] Before filing his amended petition, petitioner filed a motion for a sixty-day extension of time to comply with the court's August 25, 2009 order. Before the court could rule on petitioner's motion, however, he timely filed his amended petition. Accordingly, the court will deny petitioner's motion for an extension of time as unnecessary.

August 25, 2009 order, in this case, petitioner cannot present any new claims to this court until those claims have been fairly presented to the California Supreme Court. It does not appear that the pro se petitioner seeks to stay these proceedings for an improper purpose. Nor does it appear that petitioner has engaged in abusive litigation tactics or intentional delay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice. Accordingly, good cause appearing, for the reasons discussed herein as well as in the court's August 25, 2009 order, the court concludes that petitioner's motion for a stay and abeyance should be granted pursuant to the procedure set forth in the Rhines decision.

## CONCLUSION

IT IS HEREBY ORDERED that petitioner's September 9, 2009 motion for an extension of time (Doc. No. 14) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's June 30, 2009 motion for a stay and abeyance (Doc. No. 2) be granted;

2. Petitioner be ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days if he has not done so already;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
3  one days after being served with these findings and recommendations, petitioner may file written
4  objections with the court. The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations." Petitioner is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED: January 29, 2010.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
chav1876.sty(2)

4